**MOTORS INS. CORP. v. HOSKINS.**

Court of Appeals of Kentucky.
June 6, 1952.

W. H. Lewis, Hyden, Mahan, Davis & Mahan, Louisville, for appellant.

Cornett & Dixon, Hyden, Lyttle & White, Manchester, for appellee.

CULLEN, Commissioner.

Motors Insurance Corporation appeals from a judgment against it, in the amount of $1,800, entered upon a jury verdict in an action brought by Levi Hoskins upon a fire insurance policy covering a truck in which Hoskins had an interest.

Hoskins' action was predicated on the theory that the truck was destroyed beyond repair, and that he was entitled to recover the full amount of his investment in the truck. He prayed judgment for the amount he had paid upon the purchase price of the truck. The insurance company's defense was that the truck could be repaired for an amount less than the sum Hoskins owed under a conditional sales contract covering the truck, and that the company had satisfied its obligation under the policy by paying the repair cost to the finance company which held the conditional sales contract, and which was named in the policy as an insured.

The insurance company maintains that it was entitled to a directed verdict because (1) there was no proof as to the value of the truck immediately before it was burned, and (2) there was no competent proof to establish that the truck was destroyed beyond repair.

The truck was purchased by Hoskins on August 28, 1948. His verified petition alleged that the fire occurred on October 15, 1948, but in his testimony he maintained that the fire occurred sometime around the first day of October, he being unable to fix the exact date. The only evidence that even remotely touched upon the question of the value of the truck at the time it was burned consisted of Hoskins' testimony that when he purchased the truck he traded in an old truck for which he was given a trade-in allowance of $1,800. There was no evidence as to what condition the truck was in on the day it burned, or what its value was on that day. As a matter of fact, there was no evidence as to what the value of the truck was on any day, because the total purchase price of the truck was not shown. It was established, however, that all of the purchase price (whatever it was), except the amount of the trade-in allowance, was financed through G.M.A.C., and Hoskins had not made any payments under the finance contract.

Assuming that the truck was totally destroyed, it is obvious that, under the pleadings, no award in any amount could be made to Hoskins unless the jury found that the truck, at the time of the fire, had a value in excess of the amount Hoskins owed the finance company on the truck; and that the jury could not award Hoskins $1,800, as it did, except upon a finding that the truck, at the time of the fire, had a value equal to the price at which the truck was purchased some four to six weeks before the fire. Since there was no evidence at all to establish value, there was no basis upon which the jury could find a verdict for Hoskins, and therefore the defendant's motion for a directed verdict should have been sustained.

Since the judgment must be reversed for failure to prove value, it perhaps is unnecessary for us to pass on the suffi-

ciency of the proof as to complete destruction of the truck. However, for the guidance of the parties in the event of a new trial, we will state that in our opinion the complete destruction of the truck was not established by adequate proof. The only evidence for the plaintiff, on this question, was the testimony of Hoskins. He said that the wiring on the motor, the inside of the cab, the hoist, and the tires were destroyed by the fire; the bed of the truck and the wheels were warped; and the temper was drawn out of the chassis and the springs. In answer to the question, "Could the truck be repaired?" his answer was, "I did not feel like it could have."

The evidence for the insurance company was that the truck could be repaired, and placed in the condition it was in before the fire, for $2,600, and that a garage had agreed to repair the truck for that amount.

Clearly, the testimony of Hoskins that the temper was drawn out of the chassis and the springs was an expression of opinion on a subject on which he was not shown to be qualified, and his statement that he "did not feel like" the truck could be repaired was a mere conclusion having no probative value.

It is our opinion that the question of whether the truck was so damaged as to be incapable of satisfactory repair is one that could be answered only by witnesses properly qualified by knowledge and experience in the field of repairing motor vehicles.

The judgment is reversed, with directions to grant a new trial.